## SUPREME COURT.

### HULCE agt. THOMPSON.

Where, upon the proper allegations of fact contained in the complaint, the plaintiff claimed judgment, "that the defendant be ejected from the house and door yard, and that the possession thereof be restored to the plaintiff; *also, that the plaintiff recover a judgment of $500 damages for the trespasses committed on the other portions of said farm by the defendant;* and also, that defendant be restrained by injunction from committing further trespasses and waste on said farm."

*Held,* that two causes of action were improperly united. Why? Because, the different claims set up in the complaint—ejectment for the possession of the house and door yard—and trespass for cutting grass and destroying fences, &c., on the farm—are not "*connected with the same subject of action.*" (*Code,* § 167.)

*Delaware Special Term, Feb.* 1854. Demurrer to complaint for a misjoinder of actions.

HOTCHKISS, SEYMOUR, & BALCOM, *for Plaintiff.*
WHEELER & MORE, *for Defendant.*

CRIPPEN, Justice. The complaint sets forth that the plaintiff is the owner of a certain farm, describing it situated in the

VOL. IX. 8

town of Tompkins, Delaware county, containing one hundred and twenty acres; that the defendant by the permission of the plaintiff occupied the dwelling house and door yard on said farm up to the first day of May, 1853; that the defendant held over without permission, and on the 24th day of May the plaintiff caused a written notice to be served on the defendant, requiring him to quit possession of said house and door yard within the period of one month thereafter; that the defendant disregarded said notice, and continued to hold possession. The complaint also alleges that the defendant committed divers trespasses on other portions of said farm in the plaintiff's possession, by cutting the grass, burning up and destroying fences, &c.

The complaint concludes with a claim of judgment, that the defendant be ejected from the house and door yard, and that the possession thereof be restored to the plaintiff; also that the plaintiff recover a judgment of $500 damages for the trespasses committed on the other portions of said farm by the defendant; and also, that defendant be restrained, by injunction, from committing further trespasses and waste on said farm.

The defendant demurred to said complaint, on the ground that two causes of action are improperly united therein, to wit: a claim for the recovery of real property, that is to say, the house and door yard described in the complaint; and also a claim to recover damages for injuries and trespasses committed upon the farm described in said complaint, other than the house and door yard.

The question presented by the demurrer arises from the obscurity and uncertainty of § 167 of the Code. That section allows the plaintiff to unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: 1st. The same transaction or transactions, connected with the same subject of action. 2d. Contracts, express or implied; or 3d. Injuries with or without force to person or property, or either; or 4th. Injuries to character; or 5th. Claims

to recover real property, with or without damages, for with-holding thereof, and the rents and profits of the same. The causes of action that may be united in the same action must all belong to one of the classes contained in the above quoted section of the Code. Each subdivision it is fair to presume was intended to provide for a class of cases not included in either of the other subdivisions. The plaintiff in one *count* (if we are at liberty to use the word) seeks to recover the house and door yard which he alleges to be in the possession of the defendant, and by him wrongfully withheld. This was formerly called an action of ejectment. Under the 5th subdivision of § 167, the plaintiff may recover the real property and also damages for withholding the same, together with the rents and profits of the same. This subdivision is undoubtedly applicable to the action of ejectment for the recovery of real property, and makes ample provision for the recovery in the ' same action of any damages to which the plaintiff may be entitled for an injury done to the property, and also the rents and profits. These several claims may be united in the same action.

The 3d subdivision of said section makes it lawful for the plaintiff to unite all injuries committed with or without force, to person or property, or either. It is difficult to discover in what way the plaintiff's claim for the house and door yard can fall within the scope and meaning of this subdivision. The plaintiff does not seek to recover for any injury done thereto, but to recover the thing itself; and not only so, but subdivision 5 makes ample provision in all cases for the recovery of damages to real property, where a recovery of the property itself is claimed in the same action. The plaintiff's counsel do not rely on the 3d subdivision of the section to uphold the complaint; they insisted on the argument that the first subdivision authorizes the form of complaint adopted by the plaintiff in this action, or the union of the actions as therein set forth. The argument is based upon the ground, that both causes of action, or the distinct and separate claims made in the complaint arise out of the same *transactions, and are connected with the same*

*subject of action.*  If this were so in fact, then the complaint should be upheld.  Let us examine and see how the matter stands.  The allegations in the complaint make the house and door yard one subject of action.  The plaintiff seeks to recover the possession of this portion of the property involved in the action; it is a distinct claim or cause of action; it has no connection with the claim of damages for the trespasses alleged to have been committed by the defendant on other portions of the farm.  It is true that both claims or causes of action set up in the complaint arise from the wrongful acts of the defendant; he unlawfully withholds the possession of the house and door yard; he also unlawfully cut the grass and destroyed the fences, and committed other acts of trespass on the plaintiff's farm irrespective of the house and yard in question.  Yet the difficulty remains, that withholding the possession of the house and yard, and the committing of the trespasses, do not proceed from the same transactions; neither are they connected with the same subject of action within the meaning of subdivision 1 of § 167 of the Code.  It is entirely clear from the case as set forth in the complaint, that the claim in ejectment arises from the defendant's refusing to surrender to the plaintiff the possession of the house and door yard.  This then, as a transaction, has no connection whatever with the trespasses of the defendant in cutting the plaintiff's grass, destroying his fences, &c.; they are entirely distinct and unconnected transactions, having no affinity or relation to each other.  Neither am I able to discover by any fair course of reasoning in what way the different claims set up in the complaint are *connected with the same subject of action.*  It is manfest that one subject of the action is the house and door yard; the other is the trespasses committed by the defendant on the plaintiff's farm, in cutting the grass, burning fences, &c.  It is true that the house and yard are situated on the same farm whereon the grass was cut by defendant, and other trespasses committed by him; yet the farm is not made the subject of action by the complaint within the spirit and meaning of subdivision 1 of § 167.

In any view of the questions raised upon the demurrer, I

have not been able to bring my mind to the conclusion, that the causes of action set up in the complaint can be united in one action; on the contrary, I am satisfied they cannot be.

Judgment, therefore, must be rendered for the defendant on the demurrer with costs, with leave to the plaintiff to amend the complaint in twenty days after notice of this decision, on payment of the costs of the demurrer.